# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS TIEFENTHALER, on behalf of themselves and others similarly situated, | : <br> : CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| TARGET CORPORATION | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Hans Tiefenthaler (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. "If robocalls were a disease, they would be an epidemic." *Rage Against Robocalls*, Consumer Reports (July 28, 2015, 6:00 AM), ttps://www.consumerreports.org/cro/magazine/ 2015/07/rage-against-robocalls/index.htm. "Robocalls" are the #1 consumer complaint in America today.

2. Even as far back as 2012, the Pew Research Center reported 69 percent of cellular users who use text messaging receive unwanted text message spam, with 25 percent of them receiving it on a weekly basis. Jan Lauren Boyles and Lee Rainie, *Mobile Phone Problems*, Pew Research Center (Aug. 2, 2012), http://www.pewinternet.org/2012/08/02/mobile-phone-problems.

Robocalls, including text messages have only increased sice the 2012 study. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC Chairman).

4. "The FTC receives more complaints about unwanted calls than all other complaints combined." Comment of the Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the TCPA of 1991, Notice of Proposed Rulemaking*, CG Docket No. 02-278, at p. 2; FCC 16-57 (June 6, 2016), *available at* https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf.

5. This case involves a campaign by Target Corporation ("Target") to market its "Target Circle" program through the use of automated text messages in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

6. By using an automated telephone dialing system to send thousands of automated telemarketing text messages without first obtaining the prior express written consent of recipients, Target violated the TCPA.

7. Moreover, Target sent messages to cellular telephone numbers that are registered on the National Do Not Call List (hereafter "NDNC"), which is a separate and additional violation of the TCPA. The recipients of Target's illegal text messages, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA.

## PARTIES

8.  Plaintiff Hans Tiefenthaler is, and at all times mentioned herein was, an individual citizen of the Commonwealth of Massachusetts.

9.  Defendant Target Corporation is a Minnesota corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

11. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

12. This Court has personal specific jurisdiction over Target because the company sent and created the text messages at issue.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Tiefenthaler is a resident of this District, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit. The services that were promoted on those telemarketing calls were also provided in this District.

## TCPA Background

<u>Calls Made Using an "Automated Telephone Dialing System"</u>

14. The TCPA regulates, among other things, the use of an automated telephone dialing system ("ATDS") to make calls or send text messages. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15. Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

16. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1)(A)-(B). The first component of this definition is satisfied when a dialing system has the capacity to call "a given set of numbers" or when "dialing equipment is paired with . . . a database of numbers." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014, ¶ 133 (2003); *see In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (F.C.C. 2008) (rejecting argument that a dialing system "meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists" and

reasoning that "the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective"); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1051 (9th Cir. 2018) (holding that "equipment that made automatic calls from lists of recipients was . . . covered by the TCPA").

17. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

18. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

The National Do Not Call Registry

19. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

20. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

21. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

22. At no point has Plaintiff Tiefenthaler sought out or solicited information regarding Defendant Target's "Circle" program.

23. Plaintiff Tiefenthaler's telephone number, (608) 239-XXXX, is registered to a cellular telephone service.

24. On November 16, 2019, Plaintiff Tiefenthaler received the following generic computer generated text messages on his cellular telephone:



25.     The plain text of the text message received by Plaintiff (cited in the paragraph above) demonstrates that the message was sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have him sign up for Target's loyalty program, which is a service.  This message therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

26.     The SMS "short code" of 59569 is associated with Defendant Target, and is identified by Target as its primary contact number with regard to text messages.[1]

27.     A text message containing an SMS short code is characteristic of a message sent using an ATDS that dials a large volume of telephone numbers from a prepared list.

28.     The fact that a SMS code was used to send the text message is evident that it was sent using an ATDS, as SMS codes are reserved for automatically made text messages.

29.     As a result, the system that sent text messages to Plaintiff Tiefenthaler qualifies as an ATDS pursuant to 47 U.S.C. 227(a)(1)(A).

30.     This is further supported by the non-personalized generic nature of the text message advertisements.

31.     Moreover, since December 18, 2014, the Plaintiff Tiefenthaler's cellular telephone number has been listed on the NDNC list.  Plaintiff Tiefenthaler's number is used exclusively for residential, non-commerical purposes.

32.     Plaintiff Tiefenthaler's residential telephone number was on the National Do Not Call Registry for more than 31 days prior to the receipt of the first call advertising Target's goods or services.

---

[1] https://help.dialpad.com/hc/en-us/articles/115000367103-Short-Codes

33. Defendant Target is a "person" as the term is defined by 47 U.S.C. § 153(39).

34. Target had the ability to prevent unauthorized texts in violation of the TCPA from being placed by automated calling/texting operations conducted by itself or by its vendors or marketing partners.

35. The calls were not necessitated by an emergency.

36. Plaintiff's privacy has been violated by the above-described telemarketing robocalls from Defendant. The calls were an annoying, harassing nuisance.

37. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. Plaintiff and the Class Members were also harmed by use of their cell phone battery and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

39. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

40. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robotexting Class:** All persons in the United States who, within four years prior to the commencement of this litigation until the class is certified, received one or more telemarketing texts on their cellular telephone from or on behalf of Target, sent via the same system(s) that sends texts from short code 59569.

**National Do Not Call Registry Class**: All persons in the United States whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone solicitation telemarketing call or text message from or on behalf of Target with a 12-month period, from four years prior the filing of the Complaint.

41. Plaintiff Tiefenthaler is a member of and will fairly and adequately represent and protect the interests of, these Classes as he has no interests that conflict with any of the class members.

42. Excluded from the Classes are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

44. This Class Action Complaint seeks injunctive relief and money damages.

45. The Classes as defined above are identifiable through the Defendants' dialer records, other phone records, and phone number databases.

46. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

47. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

48. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

49. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

50. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) whether Defendant utilized an automatic telephone dialing system to send its texts to the members of the Robotext Class;

(b) Whether agents operating on behalf of Defendant utilized an automatic telephone dialing system in sending text messages to members of the Robotext Class;

(c) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(d) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(e) whether Defendant's conduct constitutes a violation of the TCPA; and

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

51. As a person who received non-emergency telephone calls using an automatic telephone dialing system without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member who also received such phone calls.

52. As a person whose telephone number was placed on the National Do Not Call List and who received more than one text message in a twelve month period, Plaintiff asserts claims that are typical of the National Do Not Call Registry Class.

53. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

54. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

55. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

56. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

57. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq.) on behalf of the Robotext Class**

58. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

59. Target violated the TCPA by sending, or causing to be sent via an agent, text messages to the cellular telephones of Plaintiff and members of the Robotext Class using an automated dialer without their prior express written consent.

60. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robotext Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff and Robotext Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, using an ATDS or pre-recorded voice in the future.

**SECOND CAUSE OF ACTION**
**Knowing and/or Willful Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of Robotext Class**

62. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

63. Target violated the TCPA by sending, or causing to be sent via an agent, text messages to the cellular telephones of Plaintiff and members of the Robotext Class using an automated dialer without their prior express written consent.

64. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Robotext Class is entitled to treble damages of $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

65. Plaintiff and Robotext Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, using an ATDS or pre-recorded voice in the future.

**THIRD CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the National Do Not Call Registry Class**

66. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

67. Target violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing text messages within a 12-month period on Target's behalf to

Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

68.  As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

69.  Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**FOURTH CAUSE OF ACTION**
**Knowing and/or Willful Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the National Do Not Call Registry Class**

70.  Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

71.  Target knowingly and/or willingly violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing text messages within a 12-month period on Target's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

72.  As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the National Do Not Call Registry Class is entitled to treble damages of up to $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

73. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future;

B. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Robotext Class member treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. As a result of Defendant's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Robotext Class member $500 in statutory damages for each and every violation of the TCPA;

D. As a result of the Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiff seeks for himself and each member of the National Do Not Call Registry Class treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

E. As a result of Defendant's statutory violations of 47 C.F.R. § 64.1200(d), Plaintiff seeks for himself and each member of the National Do Not Call Registry Class up to $500 in statutory damages for each and every violation of the TCPA;

F. An award of attorneys' fees and costs to counsel for Plaintiff and the Class as permitted by law;

G. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

H. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: November 25, 19

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

Keith J. Keogh (to be admitted pro hac vice)
IL Bar #: 6257811
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, IL 60603
(312) 726-1092

(312) 726-1093 (fax)
keith@keoghlaw.com

*Attorneys for Plaintiff*