UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HANS TIEFENTHALER, on behalf of
themselves and others similarly situated,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

C.A. NO. 1:19-cv-12412-RWZ

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM
IN SUPPORT OF MOTION TO STAY PENDING
THE SUPREME COURT'S DECISION IN
FACEBOOK, INC. V. DUGUID, NO. 19-511**

Defendant, TARGET CORPORATION ("Target") by its attorneys, Ellen B. Silverman, Jennifer W. Weller and Jordan S. O'Donnell of Hinshaw & Culbertson LLP, respectfully requests leave to file a brief reply memorandum to Plaintiff Hans Tiefenthaler's ("Plaintiff") Opposition to Target's Motion to Stay the proceedings in this case pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 ("*Facebook*").

In support of its request, Target seeks to bring to this Court's attention of at least[1] two instances of stays issued in Telephone Consumer Protection Act cases, pending a decision in *Facebook*, since the filing of Target's motion to stay. (*Wright v. Keller Williams Realty, Inc.*, Case No. 1:18-cv-00775-RP (W.D. Tex.); *St. John et al. v. Keller Williams Realty, Inc.*, Case No. 6:19-cv-01347-PGB-DCI (M.D. Fla.)).

Additionally, Target seeks to address Plaintiff's inaccurate, misleading, and/or misrepresentative statements in his Opposition, which wrongly claims that Target is seeking to

---

[1] Parties continue to request stays pending *Facebook* in cases nationally, and it is possible there will even more relevant examples by the time Target files its proposed reply.

delay the litigation by refusing to produce irrelevant discovery, that incorrectly suggests "this Court" has agreed with the Ninth Circuit Court of Appeals' decision in *Marks v. San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), and that wrongly states that the Supreme Court is only being asked in *Facebook* to "narrow" the definition of an automatic telephone dialing system ("ATDS"). Rather, as Target's reply will explain, the Supreme Court will instead opine on the application of the language in the statutory definition of an ATDS, which will likely be dispositive of one of Plaintiff's two claims.

      WHEREFORE, Defendant Target Corporation respectfully requests that this Honorable Court grant it leave to file a short reply memorandum in support of its motion to stay Plaintiff's case until the Supreme Court issues its ruling in *Facebook v. Duguid*, No. 19-511.

Respectfully submitted,

TARGET CORPORATION

By: Its Attorneys

/s/ *Jordan S. O'Donnell*
Jordan S. O'Donnell, BBO #684001
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: 617-213-7000/Fax; 617-213-7001
Email: jodonnell@hinshawlaw.com

Jennifer Weller (*pro hac vice*)
HINSHAW & CULBERTSON LLP
51 N. Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000
Fax: 312-704-3001
jweller@hinshawlaw.com

Ellen B. Silverman (*pro hac vice*)
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Tel: 212-471-6200
Fax: 212-935-1166
esilverman@hinshawlaw.com

Dated: August 7, 2020

## **LOCAL RULE 7.1 CERTIFICATION**

I, Jordan S. O'Donnell, hereby certify that pursuant to Local Rule 7.1(a)(2), I conferred with opposing counsel in an effort to resolve the issues raised herein on August 6, 2020, and counsel indicated Plaintiff opposed this motion.

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell

## CERTIFICATE OF SERVICE

I, Jordan S. O'Donnell, hereby certify on this 7th day of August 2020, that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Jordan S. O'Donnell*
Jordan S. O'Donnell